UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00056-KDB
(5:15-cr-00069-KDB-DCK-4)

| | |
|---|---|
| GUSTAVO YERA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.     BACKGROUND**

On March 15, 2016, Petitioner Gustavo Yera ("Petitioner") was charged in a Bill of Indictment with one count of methamphetamine trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count Two); one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Three); one count of possession of a firearm in furtherance of a drug trafficking in violation of 18 U.S.C. § 924(c) (Count Four); and one count of being a felon in possession of firearm in violation of 18 U.S.C. § 922(g) (Count Five). [CR Doc. 42: First Superseding Bill of Indictment]. The Government filed an Information

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:18-cv-00056-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:15-cr-00069-KDB-DCK-4.

pursuant to 21 U.S.C. § 851 setting forth Petitioner's two previous convictions for felony drug offenses. [CR Doc. 53].

The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One and Two and the Government agreed to dismiss the remaining Counts in the Bill of Indictment. [CR Doc. 83: Plea Agreement]. The plea agreement noted that "[Petitioner] is aware that the statutory mandatory minimum and maximum sentences for each count," including a mandatory minimum sentence of 10 years on Count One, 21 U.S.C. § 841(B)(1)(A), and maximum sentence of 20 years on Count Two, 18 U.S.C. § 1956(h). [Id. at 2]. As for Count One, the plea agreement further provided as follows:

> In this case, the Government has filed an Information regarding one prior felony drug conviction – two convictions in the alternative – pursuant to 21 U.S.C. § 851. The Defendant stipulates, agrees, and affirms that the Information is accurate and valid for purposes of 21 U.S.C. § 851, and that the Defendant has no challenge to the same. Thus, the Defendant is facing a mandatory statutory sentence of not less than twenty (20) years nor more than life imprisonment. HOWEVER, if the Defendant complies with each and every provision of this Plea Agreement, the United States will withdraw such Section 851 information at the time of sentencing, so the Defendant will be facing a sentence of no less than ten (10) years nor more than life imprisonment.

[Id.]. In the plea agreement, Petitioner stipulated that there was a factual basis for his guilty plea, that he had read it and understood it, and that the factual basis could be used by the Court and the United States Probation Office to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a). [Id. at 5]. Petitioner also agreed that the factual basis was true and accurate and did not object to any provisions therein. [See CR Doc. 82: Factual Basis]. The factual basis provides that Petitioner was a member of a conspiracy to, among other things, send high-purity methamphetamine from California to the Western District of North Carolina, hidden inside of candles within UPS parcels, and laundering proceeds of the same. [Id.]

Petitioner pleaded guilty in accordance with the plea agreement on October 11, 2016. At the plea and Rule 11 hearing, Petitioner testified that he understood the charges and minimum and maximum penalties of the charges and had discussed them with his attorney. [CR Doc. 112 at 11, 14: Plea Hearing Tr.]. Petitioner confirmed that he was, in fact, guilty of the charges to which he was pleading guilty. [Id. at 14]. Counsel for the Government described the terms of the plea agreement. [See id. at 15-21]. The Government noted, in part, that Petitioner agreed that he should receive a two-level weapon enhancement pursuant to U.S.S.G. § 2D.1.1(b)(1) and that a two-level enhancement applies pursuant to U.S.S.G. § 2S1.1(b)(2)(B) because Petitioner was being convicted under 18 U.S.C. § 1956. [Id. at 16-17].

After the Government reviewed the terms of the plea agreement, Petitioner testified that he had been over the agreement carefully with his attorney, that he understood it, and that he agreed to its terms. [Id. at 21]. Petitioner also attested that he had reviewed the factual basis with his attorney and that he had read it and understood it. [Id. at 22-23]. Then, significantly, Petitioner testified that no one "threatened, intimidated or forced [him] to enter [his] guilty plea." [Id. at 23]. Further, Petitioner testified that, other than the plea agreement, no one had made promises of leniency or a light sentence to get Petitioner to plead guilty. [Id.]. Petitioner specifically testified that he was "satisfied with the services of [his] lawyer in this case" and declined the opportunity to state anything to the Court regarding the services of his attorney. [Id.]. Finally, Petitioner testified that he had heard and understood all parts of the proceeding and that he still wished to plead guilty. [Id. at 23-24]. The Court found that Petitioner's guilty plea was "knowingly and voluntarily made" and accepted the plea. [Id. at 24].

Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 101: PSR]. The probation officer recommended a Total Offense Level

(TOL) of 32 and a criminal history category of IV.[2] [Id. at ¶¶ 36]. The PSR provided that the statutory term of imprisonment for Count One was a minimum of 10 years to life, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and the Count Two carried a statutory maximum term of 20 years, 18 U.S.C. § 1956(a)(1). [Id. at ¶ 73]. The recommended guideline range, based on a TOL of 32 and a criminal history category of IV, was 168 to 210 months' imprisonment. [Id. at ¶ 74].

Petitioner's sentencing hearing was held on May 1, 2017. [CR Doc. 113: Sentencing Tr.]. At the sentencing hearing, the Court found that there was a factual basis for the plea of guilty and reaffirmed the acceptance of the guilty plea. [Id. at 3]. Thereafter, the Court adopted the PSR without objection and noted the guideline range of a term of imprisonment of 168 to 210 months with the Government's withdrawal of the § 851 notice. [Id. at 3-4]. At the sentencing hearing, Petitioner's counsel informed the Court, in pertinent part, as follows:

> This is a pretty straightforward case. There are one or two little twists and turns in it that I would point out to the Court. But I would tell the Court that [Petitioner] has been one of the better clients I've had. He's always been polite, very courteous, very respectful, very involved in his case, Your Honor.
>
> The discovery in this case took a long time to fully develop. I was going back and forth with [the AUSA]. And once we finally got all of the discovery materials, we sat down and [Petitioner] realized that he had really no other option but to plead guilty in the case. And he does accept responsibility for his conduct.

[Id. at 4]. Petitioner addressed the Court at length at his sentencing, repeatedly apologizing for his actions, taking full responsibility for his conduct, and begging the Court's mercy. [See id. at 8-11]. At no time at sentencing did Petitioner raise any issue or concern about his attorney's services,

---

[2] The TOL was based on the adjusted offense level of 34 for the charge in Count Two, which had highest offense level of the two counts. The Base Offense Level on Count Two was 32, based on the offense level of the underlying offense in Count One from which the laundered funds were derived. [Id. at ¶ 27 (citing U.S.S.G. § 2S1.1(a)(1))]. The Adjusted Offense Level for Count Two, in turn, included a two-level enhancement pursuant to U.S.S.G. § 2S1.1(b)(2)(B) because Petitioner was convicted under 18 U.S.C. § 1956. [Id. at ¶¶ 27, 28, 32].

4

despite addressing the Court at length. The Court sentenced Petitioner to a term of imprisonment of 168 months on each count to be served concurrently. [Id. at 15-16]. Judgment on Petitioner's conviction was entered on May 2, 2017. [CR Doc. 103: Judgment]. The Fourth Circuit affirmed Petitioner's conviction and sentence. [CR Doc. 119].

On April 2, 2018, Petitioner timely filed the instant motion to vacate under § 2255. [CV Doc. 1]. The Government, on this Court's Order, timely responded. [CV Doc. 2, 3]. Thereafter, the Court ordered that Petitioner had 30 days to respond. [CV Doc. 4]. The deadline for Petitioner's response has expired and this matter is, therefore, ripe for adjudication.

Petitioner argues that he received ineffective assistance of counsel because (1) his counsel refused to show Petitioner the discovery so that Petitioner could make an informed decision on whether to proceed to trial; (2) his counsel "made threats toward Petitioner to make him take a plea;" (3) his counsel was too busy on other cases to properly represent Petitioner; and (4) Petitioner repeatedly asked his attorney to withdraw because of his attorney's "attitude towards [Petitioner] and for failing to show [Petitioner] discovery, arguing in the PSR and for the extra point for acceptance and for making threats towards [Petitioner]."³ In his motion, Petitioner does not claim innocence or request a trial. Rather, he asks only that his sentence be vacated and that he be resentenced without the enhancements. [CV Doc. 1 at 13, 16].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims

---

³ Petitioner also alleges in support of this ground that "petitioner was told to keep his mouth closed about what was told to him by counsel in court or else he would get 25 years or more in his sentence as the judge was a friend of his." [CV Doc. 1 at 8].

set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating claims under § 2255, statements made by a

6

defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 216, 221-22 (4th Cir. 2005). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss … any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider

the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

### A. Pre-Plea Representation.

Petitioner argues that he received ineffective assistance because his attorney refused to show him discovery, made threats to Petitioner to make him plead guilty, was too busy on his other cases to properly represent Petitioner, and refused Petitioner's requests to withdraw as Petitioner's counsel. These arguments are without merit.

Petitioner's testimony at the plea hearing contradicts these arguments. At the plea hearing, Petitioner testified that no one "threatened, intimidated or forced [him] to enter [his] guilty plea." Further, Petitioner testified that, other than the plea agreement, no one had made promises of leniency or a light sentence to get Petitioner to plead guilty. Petitioner also testified that he was "satisfied with the services of [his] lawyer in this case" and declined the opportunity to state anything to the Court regarding the services of his attorney. Petitioner admitted to being guilty of the charges to which he was pleading guilty. Finally, Petitioner testified that he had heard and understood all parts of the proceeding and that he still wished to plead guilty. Because Petitioner's grounds for relief necessarily contradict his sworn representations at his Rule 11 hearing, and absent any extraordinary circumstance, Plaintiff's claim on these grounds will be dismissed. See Lamaster, 403 F.3d at 221-22. Furthermore, if Petitioner wanted his counsel to withdraw, he could have filed a motion with the Court, and he did not.

Finally, Petitioner has not shown there was an objectively reasonable probability for him to have proceeded to trial but for his counsel's alleged errors. In fact, Petitioner does not even request a trial. As such, Petitioner has not shown prejudice. See Meyer, 506 F.3d at 369.

In sum, Petitioner has failed to show deficient performance and prejudice as to his claims for ineffective of assistance of counsel related to his counsel's pre-plea representation.

**B.     Sentencing**

To establish ineffective assistance of counsel at sentencing, a petitioner must show that but for counsel's deficient performance, there is a reasonable probability that he would have received a lower sentence. See Royal, 188 F.3d at 249.

Petitioner argues that his attorney's performance was deficient relative to Petitioner's sentencing because his counsel "never argued PSR," "never argued for the extra point for acceptance of responsibility," and did not "argue enhancements." [CV Doc. at 15]. Petitioner provides as follows on this issue:

> In the Presentence Report (PSR) which counsel Never argued. Based upon his Criminal History score of 9, [Petitioner] was given a base offense level of 30 with a 2-level enhancement for possession of a firearm. (Those charges were dismissed by the government, and therefore should not be added to the offense level). Petitioner was given a 2 point for specific offense characteristics pursuant to 18 U.S.C. § 1956. He was given a 2[-]point reduction for acceptance of responsibility, yielding an offense level of 32 and a criminal history category of IV. Counsel for [Petitioner] lodged NO objections to Any items in the PSR.

[CV Doc. 1 at 14]. Petitioner requests to be resentenced without enhancements. [Id. at 15].

Petitioner's argument similarly fails on this issue. First, other than errantly arguing that the two-level firearm enhancement should have been removed with the dismissal of the firearm charge,[4] Petitioner does not provide any grounds on which his counsel could have based objections to the enhancements recommended in the PSR. Further, the Court sees no evidence in the record that could have been used to argue against the PSR recommendations. As such, Petitioner has

---

[4] The two-level firearm enhancement was supported by relevant conduct under U.S.S.G. § 1B1.3(a)(1)(B). It is not dependent on whether a defendant is also convicted of a firearm possession offense in relation to the conspiracy.

failed to show how his counsel's performance was deficient in this regard. See Strickland, 466 U.S. at 687-88. Petitioner has also failed to show a reasonable probability that he would have received a lower sentence but for his counsel's alleged errors. See Royal, 188 F.3d at 249.

In sum, Petitioner's claim based on ineffective assistant of counsel at sentencing will also be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 10, 2020    **IT IS SO ORDERED**.

Kenneth D. Bell
United States District Judge